IN THE UNITED STATES DISTRICT COURT

DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| LORI SOREN,<br><br>    Plaintiff,<br><br>v.<br><br>EQUABLE ASCENT FINANCIAL, LLC, &<br>BENNETT LAW, PLLC,<br><br>    Defendants. | **MEMORANDUM DECISION<br>AND ORDER**<br><br>Case No.  2:12-cv-00038<br><br>Judge Clark Waddoups |

## INTRODUCTION

Plaintiff filed this case, alleging a violation of the Fair Debt Collection Practices Act, 15 U.S.C § 1692 ("FDCPA").  Before the court is Defendants' motion to dismiss Plaintiff's complaint for failure to state a claim for which relief can be granted pursuant to Fed. R. Civ. P. 12(b)(6). (Dkt. No. 8.)  Based on the stipulation of the parties, and finding no need for oral argument the court decides the motion on the briefing of the parties.  For the reasons stated herein, the court GRANTS in part and DENIES in part Defendants' motion to dismiss.

## FACTUAL BACKGROUND

Defendants Equable Ascent Financial, LLC, ("Equable") and Bennett Law, PLLC, ("Bennett Law") are both alleged to be corporations engaged in the business of collecting debts.  On September 9, 2011, Bennett Law filed a complaint against Ms. Soren for collection of a debt in the Third District Court for Utah, located in West Jordan, Salt Lake County.  It is undisputed that this was the improper

venue to file for collection of the debt. Based on this error Ms. Soren filed a complaint against Defendants for violation of the FDCPA.

## DISCUSSION

### I. STANDARD FOR A MOTION TO DISMISS

When evaluating a motion to dismiss under Rule 12(b)(6), the court "must accept all the well-pleaded allegations of the complaint as true and must construe them in the light most favorable to the plaintiff." *David v. City & Cnty. of Denver*, 101 F.3d 1344, 1352 (10th Cir. 1996). The court need not, however, consider allegations which are conclusory, or that "do not allege the factual basis" for the claim. *Brown v. Zavaras*, 63 F.3d 967, 972 (10th Cir. 1995); *see also Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) ("[C]onclusory allegations without supporting factual averments are insufficient to state a claim on which relief can be based.") Moreover, the court is not bound by a complaint's legal conclusions, deductions, and opinions couched as facts. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted).

Although all reasonable inferences must be drawn in the non-moving party's favor, a complaint will only survive a motion to dismiss if it contains "enough facts to state a claim to relief that is plausible on its face." *Ridge at Red Hawk, LLC v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007) (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Aschroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). Under this standard, a claim need not be probable, but there must be facts showing more than a "sheer possibility" of wrongdoing. *Id.*

**II. FDCPA VIOLATION**

Ms. Soren brings this action against Defendants under the FDCPA alleging abusive debt collection practices.[1] *See* 15 U.S.C. § 1692 (2006) (stating the purpose of the FDCPA is to protect consumers against debt collection abuses). Plaintiff contends that Defendants violated § 1692i by bringing the suit "in Salt Lake County where the contract for the debt was signed in Utah County and Plaintiff resides in Utah County and resided there at the time the lawsuit was filed." Compl. 2-3 (Dkt. No. 2.) Plaintiff argues that Defendant thereby violated § 1692i and that she is therefore entitled to relief under § 1692k.

Defendants first argue that Plaintiff's complaint should be dismissed as Plaintiff has not shown entitlement to relief pursuant to Rule 8(a)(2). Mem. Supp. Mot. Dismiss. 3 (Dkt. No. 8.) Defendants also argue that the complaint should be dismissed because they have satisfied the bona fide error defense. Mem. Supp. Mot. Dismiss. 3-5 (Dkt. No. 8.)

The FDCPA contains a venue provision which states:

> [A]ny debt collector who brings any legal action on a debt against any consumer shall . . . bring such action only in the judicial district or similar legal entity-- (A) in which the consumer signed the contract sued upon; or (B) in which such consumer resides at the commencement of the action.

§ 1692i(a)(2). Failure to comply with this provision by a debt collector entitles the consumer to collect damages as provided for under the code:

> [I]n the amount equal to the sum of-- (1) any actual damages sustained by such a person as a result of such failure; (2)(A) in the case of any action by an individual, such additional damages as the court may allow, but not exceeding $1,000 . . . [and] in the case of any successful action to enforce the foregoing liability, the costs of the action, together with a reasonable attorney's fee as determined by the court.

---

[1] It is uncontested that Plaintiff is a "consumer" and Defendants are each "debt collectors" collecting a "debt." § 1692a.

§ 1692k(a).  The FDCPA provides an exception from liability, however, "if the debt collector shows by a preponderance of the evidence that the violation was not intentional and resulted from a bona fide error notwithstanding the maintenance of procedures reasonably adapted to avoid any such error."  § 1692k(c).

### A. Plaintiff has Sufficiently Pled Facts to Support a Claim for Statutory Damages Under § 1692k(a)(2).

The "additional damages" provided in the statute are interpreted as "statutory 'additional damages,'" *Jerman v. Carlisle, McNellie, Rini, Kramer & Ulrich LPA*, 130 S. Ct. 1605, 1606 (2010), thus, courts generally treat the FDCPA as a strict liability statute, despite the bona fide error exception.  *See Billsie v. Brooksbank*, 525 F. Supp. 2d 1290, 1293 (D.N.M. 2007) (citing *Clark v. Capital Credit & Collection Serv., Inc.,* 460 F.3d 1162, 1175 (9th Cir. 2006); *Randolph v. IMBS, Inc.,* 368 F.3d 726, 729-730 (7th Cir. 2004); *Picht v. Hawks, Ltd.,* 236 F.3d 446, 451 (8th Cir. 2001)).  The Tenth Circuit, however, has not definitively ruled on the matter.  *Billsie*, 525 F. Supp. 2d at 1293.  Accordingly, a single violation of the FDCPA is sufficient to state a claim.  *Taylor v. Perrin*, 103 F.3d 1232, 1238 (5th Cir. 1997).  Plaintiffs who prove a violation of the FDCPA are entitled to statutory damages irrespective of the ability to prove actual damages, although the court has discretion to determine the amount up to a maximum of $1000.  *See Robey v. Shapiro*, 434 F.3d. 1208, 1212 (10th Cir. 2006) (finding the FDCPA permits for recovery of statutory damages up to $1,000 in absence of actual damages).

Here, Plaintiff sufficiently alleges that Defendants failed to file suit in either the judicial district or similar legal entity in which the contract was signed or where the Plaintiff resided at the commencement of the suit.[2]  Compl. 2-3 (Dkt. No. 2.)  These facts, accepted as true, support

---

[2] Defendants' Reply suggests that the court closest to Plaintiff's house is a "similar legal entity" for the purposes of 15 U.S.C. 1692i. Defs. Reply. 3 (Dkt. No. 11.) Defendants offer no support for this conclusion. Case law from the

a claim under § 1692i.  Given that a single violation of the FDCPA is sufficient to state a claim and the FDCPA provides for statutory damages notwithstanding actual damages, Plaintiff sets forth a plausible claim.  *See Shapiro*, 434 F.3d. at 1212; *Perrin*, 103 F.3d at 1238.  Therefore, Defendants' motion to dismiss is denied with respect to Plaintiff's statutory damages claim.

### B. Plaintiff's Complaint Fails to Plead Sufficient Facts to Support a Claim for Actual Damages Under § 1692k(a)(1).

In contrast to statutory damages, a defendant is not strictly liable for actual damages, as a plaintiff who does not plead or prove any specific loss will not recover actual damages under the FDCPA.  *See Emanuel v. Am. Credit Exch.*, 870 F.2d 805, 809 (2d Cir. 1989).  Actual damages may include recovery for mental anguish or emotional distress.  *Kittle v. Accredited Collection Agency Inc.*, No. 07-CV-01716-REB-BEB, 2010 WL 2650479, at *2 (D. Colo. June. 30, 2010) (unpublished).  There is a split amongst the courts, however, as to whether a plaintiff's claim will be evaluated under the state law standard governing the tort of intentional infliction of emotional distress (IIED) or some lower standard.  *Id.* (citing *Costa v. Nat'l Action Fin. Serv.,* 634 F. Supp. 2d 1069, 1074 (E.D.Cal. 2007)).  Nevertheless, unsupported self-serving statements of emotional distress will not suffice to prove actual damages, even if the standard for emotional distress under the FDCPA is treated as being independent of state tort law requirements.  *Compare Costa,* 634 F. Supp. 2d at 1078 (finding plaintiff's own conclusory allegations of emotional distress, without any medical corroboration, insufficient to recover under the FDCPA) *and Kittle*, 2010 WL 2650479, at *2 (finding plaintiff's claim of emotional distress without any details as to the frequency or treatment sought insufficient for actual damages under the FDCPA),  *with Santacruz v. Standley & Associates, LLC*, No. 10-CV-00623-CMA-CBS, 2011 WL 1043338 (D. Colo. Mar. 17, 2011) (finding medical records and medicine prescribed after debt collector's

---

Supreme Court of South Dakota suggests that in federal court "judicial district or similar legal entity" refers to the federal judicial district. *See Action Prof'l Serv. v. Kiggins*, 458 N.W.2d 365, 367 (S.D. 1990).

abusive behavior sufficient evidence to support damages for emotional distress under the FDCPA).  Irrespective of the standard to prove emotional distress under the FDCPA, a pleading for actual damages must allege "enough facts to state a claim to relief that is plausible on its face."  *Ridge at Red Hawk, LLC v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007) (quoting *Twombly*, 550 U.S. at 570).

Plaintiff alleges that as a result of Defendants' violation of § 1692i she "suffered and continues to suffer injuries to Plaintiff's feelings, personal humiliation, embarrassment, mental anguish and severe emotional distress." Compl. 3 (Dkt. No. 2.)  As actual damages require one to plead or prove a specific loss, Plaintiff's conclusory allegations are insufficient.  *Emanuel*, 870 F.2d at 809.  The court's decision in *Kittle* is instructive on conclusory allegations.  In *Kittle,* from the United States District Court for the District of Colorado, plaintiff sought damages for emotional distress as a result of an FDCPA violation.  *Kittle*, 2010 WL 2650479, at *2.  There, the plaintiff stated that as a result of the violation she "was extremely upset, suffered emotional distress including excessive stress, headaches, fear, sleeplessness, loss of appetite, withdrawal from social situations and depression."  *Id.* The *Kittle* court noted that plaintiff's conclusory statements did not explain the circumstances in reasonable detail and denied the plaintiff's motion for default judgment awarding actual damages.  *Id.* (citing *Wantz v. Experian Info.Solutions,* 386 F.3d 829, 834 (7th Cir. 2004), *abrogated on other grounds by Safeco Ins. Co. of America v. Burr,* 551 U.S. 47, 56 (2007)).

Equally, Plaintiff in this case offers no facts to support that her "personal humiliation, embarrassment, mental anguish and severe emotional distress" resulted from Defendants' filing in the wrong district.  While *Kittle* demonstrates that conclusory allegations are insufficient to support a default judgment, such claims are likewise insufficient for a motion to dismiss.  A

6

Plaintiff must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged," thus, Plaintiff's claims for actual damages are dismissed for failure to allege sufficient facts. *Iqbal*, 129 S. Ct. at 1949.

### C. A 12(b)(6) Motion is an Inappropriate Vehicle for the Bona Fide Error Affirmative Defense.

The bona fide error defense provides an exception to the strict liability imposed on debt collectors by the FDCPA. *See Picht v. John R. Hawks, Ltd.*, 236 F.3d 446, 451 (8th Cir. 2001). The Tenth Circuit notes that successful assertion of the statutory bona fide error defense requires "that the violation was 1) unintentional, 2) a bona fide error, and 3) made despite the maintenance of procedures reasonably adapted to avoid the error." *Johnson v. Riddle,* 443 F.3d. 723, 727-728 (10th Cir. 2006). According to the Tenth Circuit "the intent element of a bona fide error defense is 'principally a credibility question as to the defendant's *subjective* intent to violate the [FDCPA],'" and often can only be shown by inferential evidence. *Id.* at 729. Moreover, "prevailing on the [bona fide error] defense has proven elusive . . . as it requires a fact-intensive examination . . . combined with an evaluation of the reasonableness of the procedures." Tomio B. Narita, Donald S. Maurice, Laurie A. Lucas, *FDCPA Update: An Industry in Transition*, 67 Bus. Law. 639, 645 (2012).

Here, Defendants argue that Plaintiff's claim should be dismissed because Defendants' filing was a bona fide error. Bona fide error is an affirmative defense and is not properly raised in a motion to dismiss under Rule 12(b)(6). *See Zeligson v. Hartman-Blair, Inc.*, 135 F.2d 874, 875 (10th Cir. 1943) (finding that an affirmative defense should not be raised by a motion concerned with the sufficiency of the complaint). *See also Richards v. Mileski*, 662 F.2d 65, 73 (D.C. Cir. 1981) (noting that an affirmative defense is appropriately raised in an answer, as this allows both parties to make a record to measure the applicability of the defense); *Harrison v.*

*Thompson*, 447 F.2d 459, 460 (5th Cir. 1971) (finding it inappropriate to dispose of the case by a motion to dismiss when questions of fact arose as to the affirmative defense). *But see Gossard v. Gossard*, 149 F.2d 111, 113 (10th Cir. 1945) (allowing an affirmative defense to be raised by a motion to dismiss where the "complaint shows on its face that the action is barred by the statute of limitations").

In the present case, Defendants assert that they have proven the bona fide error defense because their "filing of the complaint . . . in the wrong County was unintentional" as Plaintiff's address is "actually closer to Salt Lake County." Mem. Supp. Mot. Dismiss. 5 (Dkt. No. 8.) Defendants attach to the motion several documents, apparently offered to support this conclusory statement. It may well be that Defendants can submit evidence in a proper format that would support summary judgment on their affirmative defense. They have not, however, done so in support of the motion and without proper evidentiary support, the court declines to treat the motion as a motion under Rule 56. *See* Fed. R. Civ. P. 12(d).

Defendants' conclusory statement that the misfiling was unintentional without proper support does not satisfy the requirement that Defendants lacked specific intent to violate the Act. *Riddle,* 443 F.3d. at 728-29. *Zeligson* is instructive on how to treat affirmative defenses asserted in a motion to dismiss. *Zeligson,* 135 F.2d at 875. In *Zeligson*, the Tenth Circuit noted that the affirmative defense of *res judicata* would prove a barrier to the plaintiff's case, but *res judicata* should not be asserted in a motion aimed at the sufficiency of the complaint. *Id.* Similarly, in *Thompson*, the Fifth Circuit noted, when considering a statute of limitations affirmative defense on a motion to dismiss, that factual matters outside the pleadings precluded the case from being disposed of through dismissal. *Thompson*, 447 F.2d at 460. Equally, in this case, the affirmative defense of bona fide error may prevent Plaintiff's action, but given the lack of

8

properly submitted evidence to support the bona fide error, the court will not determine the validity of the claim on a Rule 12(b)(6) motion to dismiss.

## CONCLUSION

For the reasons set forth above, Defendants' motion to dismiss for failure to state a claim is GRANTED in part and DENIED in part. (Dkt. No. 8.) Specifically, Defendant's motion is GRANTED with respect to Plaintiff's claim for actual damages, and DENIED with respect to Plaintiff's claim for statutory damages.

DATED this 15th day of June, 2012.

BY THE COURT:

_____

Clark Waddoups
United States District Court Judge